# United States District Court
# Central District of California

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>               Plaintiff,<br>   v.<br><br>H&R BLOCK, INC., a Missouri corporation; HRB DIGITAL LLC, a Delaware limited liability company; and DOES 1-50, inclusive,<br><br>               Defendants. | Case No. 2:19-CV-04933-ODW (ASx)<br><br>**ORDER GRANTING MOTION TO REMAND [11] [17]** |

## I. INTRODUCTION

Plaintiff, The People of the State of California (the "State"), filed the instant action against Defendants H&R Block, Inc. ("H&R Block, Inc.") and HRB Digital LLC ("HRB Digital") (collectively, "Defendants" or "H& R Block") in the Superior Court for the State of California, County of Los Angeles. (Notice of Removal ("Notice") ¶ 1, Ex. A ("Compl."), ECF No. 1-1.) In its Complaint, the State asserts a single cause of action for violation of California's Unfair Competition Law. (Compl. ¶¶ 69–75.) Defendants removed this action to this Court on the basis that the State's state-law claim implicates significant federal issues, and thereby conferring federal jurisdiction. (Notice ¶¶ 7–8.)

The State now moves to remand the matter back to the superior court for lack of subject matter jurisdiction ("Motion"). (Mot. to Remand ("Mot."), ECF No. 11.) For the reasons discussed below, the Court **GRANTS** the State's Motion.[1]

## II. BACKGROUND

The State asserts a single cause of action—a violation of the California Unfair Competition Law, Business and Professions Code section 17200 ("UCL"). (Compl. ¶ 1.) In its Complaint, the State alleges that H&R Block engaged, and continues to engage, in unfair, fraudulent, and deceptive business practices in violation of the UCL. (Compl. ¶¶ 1, 72.)

The State alleges that on October 30, 2002, H&R Block, along with a consortium of electronic tax preparation companies, entered into the Free File Agreement with the Internal Revenue Service ("IRS"). (Compl. ¶ 16.) Under this agreement, H&R Block was to provide a free version of their commercial products ("H&R Block Free File") to eligible consumers in exchange for the IRS's commitment to "not compete with the Consortium in providing free, online tax return preparation and filing services to taxpayers." (Compl. ¶ 2.) H&R Block's "Free File" program is on par with the functionality of H&R Block's highest-performing commercial product. (*See* Compl. ¶¶ 34–35.)

The State further alleges that H&R Block has engaged in unfair business acts and practices by taking actions to reduce public awareness of and access to H&R Block's Free File program, thereby violating the terms and the spirit of the Free File Agreement. (Compl. ¶ 73.) Specifically, the State asserts that H&R Block created another free online tax program that is inferior to H&R Block Free File, yet has a nearly identical name: H&R Block Free Online. (Compl. ¶¶ 36–37, 73.) Despite the similar name, H&R Block Free Online differs greatly from H&R Block Free File. According to the State, H&R Block Free Online does not contain income eligibility

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

limitations, and the program itself is operated through very basic software that covers fifty-five fewer tax forms than H&R Block Free File. (Compl. ¶ 37.) The State further alleges that H&R Block deliberately made it difficult for consumers to find H&R Block Free File, its free product, by creating a separate and distinct website and making it impossible to navigate directly from the main website. (Compl. ¶¶ 43–45, 73(a)–(c).)

The State also alleges that H&R Block engaged in unfair, fraudulent, and deceptive business acts and practices by making misrepresentations likely to deceive reasonable consumers. (Compl. ¶ 74.) The allegations explicitly include H&R Block's failure to disclose the differences between H&R Block Free File and H&R Block Free Online, knowing that consumers were likely to confuse these two products with nearly identical names. (Compl. ¶ 74(a).) Additionally, H&R Block misrepresented to consumers that it offered only four ways to file online, when in fact, H&R Block Free File is a fifth option. (Compl. ¶ 74(d).)

Lastly, the State alleges that H&R Block engaged in unfair, fraudulent, and deceptive business acts and practices by employing deceptive and manipulative marketing and product schemes likely to deceive reasonable consumers. (Compl. ¶ 75.) For instance, H&R Block requires consumers to spend substantial time and effort inputting their tax return information into to the H&R Block Free Online software before alerting them that they cannot complete their returns using Free Online, and then manipulate them into paying for various product upgrades. (Compl. ¶ 75(f).) Furthermore, the State also asserts that H&R Block's conduct violates the spirit and the terms of the Free File Agreement. (Compl. ¶ 75.) Thus, H&R Block's practices induced consumers to unnecessarily purchase an inferior product. (Compl. ¶ 75(a)–(b).)

The State now seeks remand of this case to state court asserting that their state-law unfair competition claim does not implicate a significant federal issue, and therefore does not confer federal jurisdiction.

## III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts resolve all ambiguity in favor of remand to state court. *Id.* The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

Original federal jurisdiction will lie over a state law claim only when a state law claim necessarily turns on a substantial and actually disputed federal question. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Accordingly, to invoke this basis for federal jurisdiction, the party asserting jurisdiction must show that there is a federal issue in the case that is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Therefore, a federal question must be a necessary element of the state claim. *Rains*, 80 F.3d at 346.

## IV. DISCUSSION

In the present case, the State argues that the Court must remand the case because the Complaint does not necessarily raise a substantial federal issue, and the action cannot be resolved in federal court without disrupting the balance of federal and state jurisdictional responsibilities. (Mot. 7.) H&R Block opposes remand.

(Opp'n to Mot. ("Opp'n"), ECF No. 14.) It argues that the State's Complaint does necessarily raise federal issues because the State's right to relief and theories of liability necessarily depend on interpretation of the Free File Agreement. (Opp'n 7–14.) H&R Block also argues that exercising federal question jurisdiction over this matter would not disrupt the balance of federal and state judicial responsibilities. (Opp'n 14–16.)

"The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Rather, a state law claim is subject to federal jurisdiction when a federal issue is necessarily raised if it is "basic," "necessary," "pivotal," "direct," or "essential" to the claim. *Id.* at 1045–46.

A. **CONTRACTUAL INTERPRETATION OF THE FREE FILE AGREEMENT**

H&R Block argues that the State's UCL claim necessarily involves a federal issue because at the center is a federal agreement between itself and the Internal Revenue Service ("IRS"). (Opp'n 7–8; Compl. ¶ 16.) Under this agreement, H&R Block was to provide a free version of their commercial products ("H&R Block Free File") to eligible consumers in exchange for the IRS's commitment to "not compete with the Consortium in providing free, online tax return preparation and filing services to taxpayers." (Compl. ¶ 2.) Accordingly, H&R Block argues that the State's UCL claim requires the interpretation of the Free File Agreement. (Opp'n 7–8.) The Court disagrees.

A federal issue is necessarily raised in a UCL claim only when a plaintiff has to rely on violation of a federal law or an interpretation of a federal statute to bring his UCL claim. *See Lippit*, 340 F.3d at 1046. In *Lippit,* the plaintiff brought a UCL claim that challenged marketing of "callable certificate of deposit" instruments by national brokerage firms. *Id.* at 1036. Defendants removed the case to federal court pursuant to 28 U.S.C. § 1331 and exclusive jurisdiction under Section 27 of the 1934 Securities

Exchange Act (the "Exchange Act"). *Id.* Defendants argued that the plaintiff's UCL claim sought to implement and enforce rules and regulations promogulated by the New York Stock Exchange ("NYSE") pursuant to the self-regulatory directive of the Exchange Act. *Id.* The Ninth Circuit reversed the district court's denial of remand. *Id.* The court ruled that the plaintiff had to rely on neither a violation of the Exchange Act nor an infraction of an NYSE rule or regulation to bring its UCL claim; rather, the plaintiff merely had to show "that Defendants' conduct was either unfair or fraudulent." *Id.* Thus, the Ninth Circuit found no federal issue sufficient to trigger federal jurisdiction because federal law was not a necessary element of the plaintiff's UCL claim. *Id.* at 1046.

Here, the present case is analogous to *Lippitt* because the State's right to relief (and H&R Block's liability) does not necessarily turn on the interpretation or application of either a federal statute or a federal question. Like the plaintiff in *Lippitt*, here the State need only, and can, prevail under at least one theory of liability that does not require application or interpretation of federal law. *See id.* For example, the State can prove that H&R Block made misrepresentations to its consumers about the Free Online product that caused the consumers to spend substantial time and effort inputting their information just to find out that they are unable to complete their returns using that product and must pay for an upgrade. (Compl. ¶ 75(f).) Consequently, even though the State's Complaint contains allegations that reference the Free File Agreement, the State's claim is not necessarily dependent upon interpretation of the Free File Agreement, and, in fact, can be adjudicated without implicating the Free File Agreement.

In arguing that the interpretation of the Free File Agreement is essential to the State's UCL claim, H&R Block relies on *County of Santa Clara v. Astra USA, Inc.*, 401 F. Supp. 2d 1022 (N.D. Cal. 2005). (Opp'n 8.) Yet, H&R Block ignores an important distinction in *Astra*. Unlike the present case, in *Astra* the plaintiff specifically alleged that the defendants charged drug prices in excess of those allowed

under a federal statute and contract between the federal government and the drug manufacturers. *Id*. at 1025. Consequently, the only way in which the plaintiff could prove liability in that case was to establish that the defendants charged in excess of the amount as specified by the applicable federal statute and contract. *Id*. Thus, the liability-producing issue was necessarily linked to the interpretation and application of the relevant federal statute. *Id.* at 1028. Such is not the case here.

The Court finds that H&R Block has failed to demonstrate that interpretation of the Free File Agreement is necessary to resolve the State's UCL claim. As such, H&R Block has failed to satisfy its burden of establishing federal jurisdiction on this basis. *Gaus*, 980 F. 2d at 566. At a minimum, the allegations in the Complaint raise doubt as to whether interpretation of the Free File Agreement is necessary. The Court resolves any doubt by remanding the matter to state court. *Id*.

### B. ALTERNATIVE AND INDEPENDENT STATE LAW THEORY

In the alternative, H&R Block argues that even if the interpretation of the Free File Agreement is not necessary to resolve the State's UCL Claim, the State's two remaining theories of liability are inextricably intertwined with the Free File Agreement. (Opp'n 9–13.) Conversely, the State contends that its UCL claim can be supported by numerous alternative and independent state law theories, and therefore, the Free File Agreement is not essential nor pivotal to the State's UCL theories of liability. (Mot. 9–14.) Accordingly, the Court now turns to determine whether the Free File Agreement is essential and pivotal to the State's UCL claim.

"When a claim can be supported by an alternative and independent theory—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains,* 80 F.3d at 346. Additionally, if even a single state-law based theory can support each cause of action alleged in the complaint, then the removal was improper, and the matter must be remanded to state court. *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996).

To state a UCL claim, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippit,* 340 F.3d at 1043 (quoting Cal. Bus. & Prof. Code § 17200). A plaintiff need only establish a violation of the UCL under one of these three prongs, as each operates independently from the others. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). Section 17200 prohibits practices that are unfair or deceptive, even if they are not found unlawful or vice versa. *Id.*

Here, the State asserts an unfair theory and fraudulent theory to establish its UCL Claim against H&R Block. (Compl. ¶ 9.) Although the State need only establish that one of the prongs is available under state law to remand, regardless, the Court addresses both theories in turn.

*1. "Unfairness" Prong of the UCL Claim.*

Under the unfairness prong of the UCL claim, a practice is "unfair" if its harm to the victim outweighs its benefit. *See McKell v. Wash. Mut., Inc.*, 142 Cal.App.4th 1457, 1473 (2006).

Here, H&R Block asserts that the State cannot allege a claim under the "unfair" prong of UCL that is independently raised from the Free File Agreement, and, even if the State could, it has failed to do so. (Opp'n 11.) However, the Complaint, interpreted as a whole, is replete with factual allegations regarding the "unfairness" of H&R Block's conduct, independent of the Free File Agreement, leaving little doubt that the alleged facts establish that the harm of H&R Block's conduct outweighs its utility. (*See* Compl. ¶¶ 73–75.) For instance, the State specifically alleges that H&R Block's unfair business practices led consumers who are eligible for a Free File product to unnecessarily purchase H&R Block's paid products. (Compl. ¶¶ 65–66.) The State also alleges that H&R Block targeted the underserved, low-income population who rely on their tax refund to afford their basic necessities. (Compl. ¶ 67.)

Accordingly, the Court finds that the State could prevail on its UCL claim under the "unfairness" prong irrespective of whether H&R Block violated the Free File Agreement. Although this is sufficient to remand the case, the Court nevertheless turns to the fraudulent prong.

*2. "Fraudulent Prong" of UCL Claim.*

As with "unfairness," H&R Block argues the State cannot raise a fraud claim that is independent of the Free File Agreement and has failed to do so." The State contends that its theories of UCL liability based on H&R Block's fraudulent business practices do not require resolution of any federal issue. (Mot. 9) To prevail under "fraudulent" prong of a UCL claim, a plaintiff must demonstrate that the defendant engaged in a practice that is likely to deceive members of the public. *See Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009*)*.

H&R Block points to several allegations in the Complaint which tie-in the Free File Agreement, including the allegations that H&R Block acted fraudulently by failing to adequately promote the "IRS Free Software" and by not enabling customers to navigate from the H&R Block's main website to the website that allows access to their "IRS Free File" software. (Opp'n 9.) The Court agrees that the State's Complaint does often include allegations that reference the Free File Agreement. However, the majority of the allegations in the Complaint relate only indirectly to the Free File Agreement.

At its core, the State's Complaint asserts that H&R Block offers consumers two deceptively similar tax filing products: a "Free File" product (arguably arising out of the Free File Agreement) and a "Free Online" product. (Compl. ¶¶ 73–75.) The State asserts that the Free File product actually results in the consumer securing free tax filing while the Free Online product encourages consumers to "get started" with that product but often misleads customers into purchasing H&R paid products. (Compl. ¶ 59.) The State further alleges a myriad of fraudulent and deceptive practices that steer consumers away from H&R Block's Free File product and towards its

misleading Free Online product. (Compl. ¶ 74(b)-(i).) For example, the State alleges that H&R Block misrepresents to consumers that its four commercial products "are the only 'Ways to File' online" which is inaccurate because H&R's Free File product is a fifth way. (Compl. ¶¶ 53–54, 74(d).)

Any of these alleged "fraudulent" theories can support the State's UCL claim without resolution of federal issues or resort to the Free File Agreement. *See Lippit,* 340 F.3d at 1043. Accordingly, the State's UCL claim does not necessarily raise a substantial federal issue and the Court lacks federal jurisdiction.[2]

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the State's Motion. (ECF No. 11). The Court **REMANDS** this action to the Superior Court for the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, California 90012, 19STCV15742. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

February 11, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[2] Because H&R Block failed to demonstrate that the State necessarily raised a federal issue in its Complaint, the Court need not address whether asserting federal jurisdiction over the State's UCL claim would disrupt the balance of federal and state judicial responsibilities.